IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TONY LERON SOWELL,

    Petitioner,

v.                                                     CASE NO. 1:07-cv-256-MMP-AK

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 1651 "to challenge subject matter jurisdiction." Doc. 1. More specifically, Petitioner challenges this Court's jurisdiction to sentence him to twenty years imprisonment in *United States v. Sowell*, Cause No. 1:97cv32-MMP (N.D. Fla.). In the criminal case, Petitioner was found guilty by a jury of conspiracy to manufacture marijuana and attempting to manufacture marijuana and was sentenced to twenty years imprisonment. He challenged his sentence on appeal "arguing that the district court incorrectly calculated the quantity of drugs attributable to him, and thus, erred in applying a mandatory minimum sentence...." Doc. 58. The Eleventh Circuit rejected this argument. *Id*.

Petitioner subsequently filed a § 2255 motion to vacate on the grounds that his trial, sentencing, and appellate counsel were ineffective and that he was entitled to relief under *Apprendi*. Doc. 71. In particular, he charged that counsel was ineffective in failing to move to

dismiss the indictment "on the ground that the marijuana seeds recovered at the time of defendant's arrest were insufficient to support the drug quantity implicitly charged in the indictment (by reference to the penalty section of the statute)." *Id*. at 5.  He also argued that counsel was ineffective for failing to seek suppression of the marijuana seedlings, cuttings, plants, pictures, and videotapes since the "marijuana plants, and evidence related to the sprouted plants, were irrelevant to the charges." *Id*. at 6.  Petitioner also attacked counsel's ineffectiveness for failing to object to Petitioner's admission to law enforcement that the contents of a brown paper bag containing marijuana seeds was sufficient to violate his probation. *Id*. at 8.  He further claimed that counsel was ineffective for failing to argue at sentencing that "by allowing the [marijuana] seeds to germinate and form roots, the government unfairly manipulated the sentence." *Id*. at 9-10.  Finally, he argued that his sentence violated *Apprendi* because "drug quantity was not alleged in the indictment or submitted to the jury for determination beyond a reasonable doubt." *Id*. at 11.  The magistrate judge rejected all of these claims, and the Court adopted the Report and Recommendation.  Doc. 80.  Petitioner's request for a certificate of appealability was denied.  Doc. 115.

On this occasion, Petitioner alleges that he "did not receive due process of Law and equal protection during the [criminal] proceedings...under the 5th, 6th, 9th, 10th, and 14th Amendments...." Doc. 1 at 2.  More specifically, he charges that the indictment was defective in that it (1) failed to charge a drug amount, (2) was "duplicity and multiplicity," and (3) failed to "descend into particulars" so that he "could build some kind of defense" and could later plead double jeopardy. *Id*. at 3.  He also claims that counsel for the Government committed prosecutorial misconduct when he filed a defective indictment over which the Court lacked

subject matter jurisdiction. *Id*. at 6-7. He next charges that the probation office violated his due process right "to be sentenced on accurate information in a (PSR) (PSI)" since the indictment was defective. *Id*. at 7-8. Petitioner further maintains that the Court abused its discretion and committed plain error when it allowed the Government to prosecute him and to seek sentencing based on a defective indictment and then to adopt the sentencing range proposed by the probation officer in the PSR. *Id*. at 9. Finally, he alleges that counsel rendered ineffective assistance by failing (1) to conduct a proper pretrial investigation, (2) to file motions and build a defense, (3) to file motions to suppress "any and all false, misleading, and perjured Statements and or Testimony the Government was to use against Sowell at trial or Plea hearing," (4) to file a motion to suppress illegally seized evidence, (5) to negotiate a plea agreement which would have led to a lower sentence, (6) to object to the prosecutor filing a defective indictment, (7) to object to the prosecutor seeking to prosecute Petitioner under a defective indictment, (8) to object to the prosecutor seeking a 20-year sentence under a defective indictment, (9) to object to prosecutorial misconduct during the criminal proceedings, (10) to object to the probation office violating Petitioner's due process right in the "fact finding of the (PSI) (PSR)," (11) to object to the probation officer setting a sentencing range on a "defective indictment that failed to charge all the elements of each charged offenses," (12) to object to the Court's abuse of discretion that led to plain error," (13) to file an appeal raising the issues raised in the instant proceeding, and (14) to comply with "the standards set forth under the American Bar Association Standards for Criminal Justice." *Id*. at 11-12.

Petitioner maintains that he is not now filing a second or successive motion to vacate but is seeking a writ of habeas corpus "to challenge subject matter jurisdiction of the Prosecutor, the

Probation Office...and the U.S. District Court for the Northern District of Florida, to Prosecute, Pass Judgment, and impose a Twenty (20) year sentence" on him. *Id*. at 14.

Section 1651 of Title 28, the All Writs Act, provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act

> is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985). Furthermore, any remedy under § 1651 is "an 'extraordinary' remedy, issued in the discretion of the court, and should not issue unless the person seeking the writ has no other adequate means of seeking the relief he desires." *United States v. Williams*, 158 Fed. Appx. 249, 251 (11th Cir. 2005).

Section 2255 is intended to be used when a federal defendant's sentence is "imposed in violation of the Constitution or laws of the United States," when the court is "without jurisdiction to impose such sentence," when the sentence is "in excess of the maximum authorized by law," or when the sentence is "otherwise subject to collateral attack," 28 U.S.C. § 2255, which entirely encompasses each of Petitioner's claims on this occasion. *See also United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (defective indictment does not deprive court of jurisdiction). In this Court's view and despite Petitioner's protestations to the contrary, his

present allegations are plainly the type appropriate for consideration under § 2255, and therefore, habeas relief under § 1651 is not available. Though Petitioner does not mention the writ of *error coram nobis*, which is permitted under the All Writs Act, he is not entitled to such relief since he is presently incarcerated. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999).

Because Petitioner has previously sought and been denied § 2255 relief, he may not file another motion to vacate without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3) & 2255. Even then, a second or successive motion will not be allowed by the appellate court absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255, none of which is at issue here.

Because § 2255 "specifically addresses the particular issue[s] at hand, it is that authority, and not the All Writs Act, that is controlling," and this cause should be dismissed. For all of these reasons, it is respectfully **RECOMMENDED** that this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *7th*  day of January, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**